Our next case is Buggs v. McNulty. Buggs v. McNulty Buggs v. McNulty They please the court. Good morning, your honors. My name is Matthew Costardo. I'm the attorney for the appellant in this matter, Mr. Robert Buggs. This case is – our argument today is really about two core issues and two core errors. One is that the court denied Mr. Buggs' leave to amend his complaint, locking him into an inartful pro se pleading initially, and then by converting the defendant's Rule 12c motion for judgment on the pleadings into summary judgment using undisputed facts that were drawn from the non-record sources and before any discovery was conducted. What we're seeking the court to do today is to vacate the judgment and remand with instructions to allow amendment under Rule 15, permit targeted discovery, and then only then entertain Rule 56 motion on a proper evidentiary record. If your client was allowed to amend, what would he do? Well, so we did attempt to file – obviously, when we filed our motion for leave, we attached our proposed amended complaint, and this amendment would have concretely clarified distinct counts, municipal liability, theories, causation, factual narratives. So the amended complaint would allow the matter to be resolved on the merits and not on technicalities. The way I saw the amended complaint, it looked like you were really just trying to add defendants. Well, not necessarily. And the statute of limitations had run on all those defendants. Well, so on some of these defendants that we're adding, DUAB, which was basically above the school corporation, and then Officer Thompson, who was the school resource officer, police officer, who was referenced in the complaint, the initial original complaint, but references the wrong name. I think it was Officer Thomas in the initial pro se filing, and when we filed the amended complaint, corrected the party name to Officer Thompson. So we were attempting to correct the parties. Was this after the amendment deadline? No, Your Honor. This was a timely – our amendment was timely, but some of these issues that the district court, the magistrate brought up regarding whether these new claims were timely and that maybe they didn't relate back. But, you know, we feel that they did. I mean, obviously there was distinct claims. Can you pause there? Certainly. Your answer to Judge Kirsch. You said in the second proposed amended complaint you were trying to correct adding Thompson, whereas before you had had Thomas as a defendant. But I don't see in the original complaint where Thomas was a defendant. Not a named defendant. Your Honor, this was a – that's correct. Officer Thomas or Thompson was not a named defendant, but that was the point of what we were trying to do with the amended complaint. Again, this was an inartful pro se pleading, as we were attempting to put the right factual narrative on the record, correct parties. That was not previously done. This would have been the opportunity to do so. So the case could have been analyzed on the merits and, again, not on some procedural aspects. Now, I do agree that in addition to trying to add defendants, you were trying to add claims. That's correct, Your Honor. Okay. But take us through those claims. Certainly. Because we've got to assess whether at the end of the day where the district court landed was the right place in terms of relation back and futility. Right. And I don't think that futility – I understand the court's argument. It's a question. Certainly. Not an argument. Right. So the counts that we were trying to add were against – you've gotten the original complaint. The original counts against original parties, when we attempted to amend the complaint, there was the original counts against original parties just reframed concretely in distinct count one, count two, and then adding new claims against original parties, such as against Paige McNulty, for events that occurred after the complaint was filed – excuse me, after this incident that occurred that was the basis of the original complaint, and then new arguments against new parties. But, Your Honor, I think that under Runyon, Rule 15 is designed to allow amendment – designed to prevent what happened here, locking a litigant into an inartful pleading. Especially where the plaintiff was pro se, allowing an amendment would have given the chance – a fair chance to cure some of these issues. And I think that – I'm sorry, Judge. I lost my – No, no. I see where you're going, sir. Maybe we should go claim by claim so you can tell us why the district court would have been wrong.  So I do see – let's just work backwards. I do see, for example, a newly clearly stated claim for retaliatory discharge. Right. So that would be a state law claim. Correct. In the district courts – well, why would we be wrong to agree that that doesn't relate back because it was about events in May 2023? It involves the same parties and similar issues. Now, if I may, Your Honor, I do want to say that what the real – the meat of what our appeal is is not so much on the merits of these individual claims. It's more about the denial of leave to amend and then the conversion from the 12C into the 56 motion for summary judgment. But that's what we're talking about. We're talking about the denial of leave to amend. We haven't gotten to the 12C yet. Right. But we are talking about the denial of leave to amend. So what I'm trying to understand is why was the court – why was the ultimate thing the court did, which is to deny leave to amend, wrong? I get your point that the court didn't address the futility of adding new claims. Right. But say the court had, would adding these new claims would have been – would they have been permitted under the court rules? I believe so, Your Honor. And I think that had they been permitted, we probably wouldn't be in the posture that we're in today. But under the Fomen factors, where basically under Rule 15, under the Fomen case, the court basically mandates that the plaintiff be allowed to amend the complaint, but for factors such as undue delay, bad faith, futility. We argue there was no futility here. And again, under the Runyon case, it should – an amendment should be permitted, and if it's not, they must be subject to rigorous review and appeal. We think that it's more about the process that the court should have allowed the amendment because not all the claims were new. Some of them were just restated in more concrete ways, and that should have been permitted. Maybe not the new claims. I understand that. But at least the old claims, the original claims, could have been allowed to be restated in a more concrete way. And so which ones were those? Those would have been the Fourth Amendment violation, 14th Amendment, and then maybe two state law claims for battery and defamation. I'm sorry, counsel. Can we go back to my question when I asked about was it filed outside the deadline? I was looking at the Rule 16 order, and it looked like the motion to amend was due January 31st of 2024, and the motion for leave to file the First Amendment complaint was filed July 31st. Correct, Your Honor. And so was it – was that date changed or modified? It was. It was modified by the court because there was – before I even got involved in the case and filed my appearance, there was a settlement conference set, and then months ahead of time, the settlement conference. I filed my appearance in June, and then a couple days later we have the settlement conference, I believe, on June 26th, 2023. It was 2024. Excuse me, 2024, Your Honor. 37. I apologize, Your Honor. No, it's fine. Now, the settlement conference was not successful, but ultimately at the conclusion of that, the magistrate judge ordered that the plaintiff be given motion for leave to file a motion for leave to amend the complaint. So that was – that deadline was changed. Would you like to save the rest of your time for rebuttal? I would, Your Honor. Yes, please. Thank you. Okay, Ms. Piller. Good morning. May it please the court, counsel. Jacqueline Piller on behalf of Defendants at Belize, Dr. Paige McNulty, and Geary Community School Corporation. Your Honors, we're here today on a motion for summary judgment and a denial of an order for a motion for leave to amend, both of which Judge Radovich got right. I'm going to start with the motion for leave to amend because it seems like that's what the argument was focused on initially. So the motion for leave to amend was filed after a settlement conference wherein Judge Radovich granted plaintiff the ability to amend the complaint now that an attorney was involved. He filed that motion for leave to amend his complaint within the timeframe permitted by Judge Radovich, and that motion was properly denied by Judge Radovich, and it was properly denied for a lot of reasons. One is he didn't name Officer Thomas. He didn't name Officer Thompson. He didn't name an officer at all in the initial complaint. And when we talk about relation back, right, it has to relate to the same parties. In this case, we have Dr. Paige McNulty as an original party. Let's skip to the claims so we can save time. Okay. Because Judge Radovich does not address the futility of adding new claims at all. He only addresses new defendants. Sure. So where's the process in that? And, Your Honor, the claims that plaintiff has asserted were interposed with the new defendants. So in my reading of Judge Radovich's opinion, it was difficult for him, even if he wanted to add the new claims and they weren't futile, and I'll talk about that, to carve them out of the amended complaint, right? They were part and parcel of the new claims against the new defendants and the new claims against my clients. So for the federal claims that Mr. Buggs asserted on the motion for leave to amend, we have five counts. The first one is a First Amendment retaliation. That's – you don't have to address that one, right? Okay. He doesn't press that on appeal. Okay. The second account against my clients were a fourth – well, the second actual federal claim was a Fourth Amendment claim against the city and the officer who are not proper defendants. I'm sorry? The fourth? The fourth was a Fourth Amendment complaint that was solely against the city of Gary and the officer because the officer is actually not an SRO. The officer was not an employee of the school city. The officer was an employee of the Gary Police Department. So my client, the school corporation, could not be liable for that officer's actions. So there was a Fourth Amendment claim against the city and the officer. There was a Fourteenth Amendment retaliation claim for removal from a library board, which was wholly unrelated to the initial claims, which is this August of 2021 incident. There was a civil conspiracy claim, which fails if there's no underlying constitutional violation. And then there was a Fourteenth Amendment due process claim for not paying his attorney's fees and suing the school corporation. All of these alleged federal actions against my clients that were properly named initially would be futile as a matter of law. There's no support for the proposition that there is a Fourteenth Amendment due process claim for attorney's fees in this scenario. Mr. Buggs was an advisory school board member to the Gary Community School Corporation. He sued the school corporation when the emergency manager, who served in the dual role as both a superintendent and the school board, did not permit him to enter school property during COVID times without going through security, without going through proper channels. So there's no evidence and no legal support for the proposition that any of these claims would be recoverable if he was allowed to amend his complaint, only to assert those claims against the properly named defendants that wouldn't relate back, like the city, the police department, and Officer Thompson. He also references in the initial argument that DUAB is just an arm of Gary. That's actually not true. DUAB is the Distressed Units Appeals Board. It's actually an arm of the state of Indiana. You know, but why not allow the complaint and then dismiss it on the merits for these various reasons? Because your client would have been ready with its motion to dismiss where the initial complaint was pro se, filed right before the statute of limitations deadline. The court twice invited motions for leave to amend, got one of the orders incorrect, had to be corrected by the party, and then comes back. Too many bumps and bruises along the way. So what supports the district court's choice here? Sure. And then to enter an order that does not cleanly address these new proposed claims. So then to deny it, but then in a defective order, so to speak. Sure, Your Honor. So a couple of things. One is the first motion for leave to amend was withdrawn by the court on the party's motion, and that was due to not any action or inaction of the court. It was due to a miscommunication between counsel for the parties. Number two is when we talk about the motion for leave to amend, it's not like Judge Radovich had the option to say, okay, I will permit you to file half of this amended complaint. He gave him one amended complaint that asserted all of these claims that were intertwined with both new defendants and old defendants, new incidences that didn't relate to the initial complaint and old instances. So whether or not Judge Radovich just dealt with the additional defendants because that was the cleanest way to do it, I can't speak for him, but I will say that the evidence reveals that these amendments would be futile anyway. And because it's an abuse of discretion standard, it doesn't defeat the judgment that ultimately was in our client's favor. It might be a little easier to see that had the court written that out. I don't disagree with that, Your Honor. So we have to do the analysis ourselves and take your word for it? Well, I don't know that you have to do the analysis yourself. Well, even if we do, we are Article III judges. We do apply the law. That is true. So if you look at the extensive briefing that was on the motion for leave to amend, and in fact plaintiff's counsel even filed or appellant's counsel even filed a motion for reconsideration in front of Judge Radovich. And when he did that, he didn't say, okay, you dealt with the relation back of the new defendants, but you didn't deal with the futility. Here, Judge, here's the amended complaint that doesn't have those relation back issues. Can you please reconsider your order? He didn't do that. He just simply filed a motion for reconsideration and didn't give Judge Radovich the opportunity to further maybe allow him to amend his complaint at that time. So we've got the amended complaint issue, which, again, even if the complaint was amended, Your Honors, I still think we'd be here on summary judgment. Defendants initially filed a motion for judgment on the pleadings on this case. This is after discovery had closed, which plaintiff, with counsel or without, did no written discovery in this case. Defendants filed a motion for judgment on the pleadings. Plaintiff appellants responded. When appellant responded to that motion for judgment on the pleadings, he made no arguments as to the Fourth Amendment claims that were in his complaint. He made no arguments as to the Sixth Amendment claims that were in his complaint. And when he responded as to the Fourteenth Amendment claim, he simply cited four lines of case law. There's no argument. There's no any development of any sort of theory of liability that would reasonably allow this case to proceed. So we fully briefed the motion for judgment on the pleadings. After that happens, Judge Radovich, as he is permitted to do, both under longstanding case law and under Rule 56F3, gives the parties notice. Judge Radovich says, here are what I consider to be the disputed facts under 56. You file an objection if you disagree. When defendants and pleas reviewed those disputed facts, they were supported by basically the same facts that they had delineated in their motion for judgment on the pleadings. Appellant disagreed with those disputed facts. Instead of filing a motion under 56D, he simply said, I object. He didn't provide any sort of admissible evidence to dispute these facts. So Judge Radovich moved forward with a motion for summary judgment. Again, no arguments made. The only three federal claims in this complaint are Fourth, Sixth, and Fourteenth. No arguments made on the Fourth, which wouldn't apply to my client anyway because there's no search and seizure. No argument made on the Sixth, which wouldn't apply to my client anyway because it's a civil proceeding and not a criminal. And no argument made on the Fourteenth, other than a passing reference to due process. So we believe that Judge Radovich got it right in both denying the motion for leave to amend, but even if he didn't get it right in denying the motion for leave to amend, he got it right in the motion for summary judgment, and that result wouldn't have changed if plaintiff was permitted to amend his complaint. Any further questions? Okay, thank you, Ms. Pillard. Thank you. Mr. Castardi, you have a minute left. Thank you. May it please the Court once more. I just want to briefly refute one of the statements by the counsel for the appellees. She states that evidence revealed amendments would have been futile. What evidence? There was no record. There was no discovery conducted in this case, and so there was no chance for the plaintiff, Mr. Buggs, to provide any kind of documents or evidence or attach anything to the motion for summary judgment. You know, the Court states in that April 21st order, after the Rule 12c briefings were concluded, Judge Radovich states, it appears that the facts are undisputed, and the factual summary is based on the pleadings, the admissions made at the settlement conference. If I just may, another quick 20 seconds or so. The surveillance video taken by security camera and the refusal to accept these facts does not create a bona fide dispute for trial. Well, if we were disputing the facts, then the facts were not undisputed. They were disputed. And finally, when the judge stated that the factual summary was based on the admissions made at the settlement conference, under Federal Rules of Evidence 408, any kind of admissions or statements made at a settlement conference are not considered evidence, and under the local Indiana Rule 16-1F3, likewise, a judge cannot include any kind of statements or admissions made at a settlement conference, cannot enter that on a docket entry, which the judge did, and that was improper. Okay, thank you, Mr. Cassaro. Thank you. The case will be taken under advisement, and the Court will be in recess. Thank you. Thank you.